In re James Azell Price

June 20, 2000

Case No. HN-216-A

BY JUDGE T. J. MARKOW

This matter is before this court on appeal from the Juvenile and Domestic Relations District Court's decision on the petition that the residual parental rights of Lucille Price be terminated.

Ms. Price is the mother of James Azell Price, born October 18, 1989. The mother has special needs because of mental retardation. She entrusted care of the child to the Richmond Department of Social Services on June 24, 1995, as she was unable to provide him a home and properly care for him because of her mental deficiencies.

RDSS has unsuccessfully attempted placement of the child with relatives or to return him to his mother. Ms. Price has cooperated with RDSS in its attempts to assist her to be reunited with her child. She has complied with all that was requested of her and attempted to visit and contact her son by phone. Because of her limitations, however, Ms. Price is unable to regain custody of James and is unlikely to ever be able to do so.

The child has been with the same foster care family since 1995. Strong bonds have been established, and he seems to be doing very well. The foster mother wishes to adopt him to make the situation permanent.

The court finds that the evidence clearly and convincingly establishes that the best interests of James Price are that he be adopted so that his status becomes permanent.

Termination of Ms. Price's parental rights are governed by Va. Code § 16.1-283(C)(2), which permits termination that is in the child's best interests if:

The parent . . . without good cause have been unwilling or unable within a reasonable time not to exceed twelve months from the date

the child was placed in foster care to remedy substantially the conditions which led to or required . . . foster care placement . . . .

Here Ms. Price is unable within a reasonable period of time to remedy the conditions. The question is whether her inability is without good cause. There are no appellate decisions addressing the issue of whether a physical or mental disability which prevents a person from caring for a child constitutes "good cause" which would justify termination of parental rights. The cases which discuss persons with disabilities whose parental rights were terminated all have parents who deliberately refused to cooperate with the Department of Social Services. See *Dalt v. Alexandria Div. of Social Servs.*, 1998 WL184550 (Va. App.) (unreported).

This court finds that Ms. Price's inability to reunite with her child is with good cause, i.e., her intellectual limitations. On the evidence she cannot do more. Notwithstanding the clear finding that termination of parental rights is in the best interests of this child, the court's power to terminate is limited by Va. Code Ann. § 16.1-283(C)(2). The evidence does not support the required finding.

It is, therefore, ordered that the petition to terminate the residual parental rights of Lucille Price to her son James A. Price is denied.